# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | |
|---|---|
| Trevor J. Gelesh,<br><br>        Plaintiff,<br><br>v.<br><br>Sunland Construction, Inc., and Foremost Pipeline Construction Company, Inc.,<br><br>        Defendants. | Civil Action No.: 3:24-cv-04656-CMC<br><br><br>**COMPLAINT**<br>**(JURY TRIAL DEMANDED)** |

  The Plaintiff, by and through his undersigned counsel, respectfully alleges and will show that:

## JURISDICTION AND VENUE

1. The Plaintiff is a citizen and resident of the County of Lexington, State of South Carolina.

2. Upon information and belief, Defendant Sunland Construction, Inc., (hereinafter, "Sunland" or "Defendant Sunland") is a foreign corporation organized and existing under the laws of Louisiana, authorized to do business in South Carolina, and maintains agents and servants in South Carolina. Sunland Construction, Inc., may be served with process via its registered agent, Corporation Service Company, 508 Meeting Street, West Columbia, SC 29169.

3. Upon information and belief, Foremost Pipeline Construction Co., Inc., (hereinafter, "Foremost" or "Defendant Foremost") is a domestic corporation organized and existing under the laws of South Carolina.  Foremost Pipeline Construction Co., Inc, may be served with process via its registered agent, Corporation Service Company, 508 Meeting Street, West Columbia, SC 29169.

4. Pursuant to 28 U.S.C. Section 1391(b)(2) and Local Civil Rule 3.01(A)(1), venue is

proper in the Columbia Division of the United States District Court, District of South Carolina, as a substantial part of the events giving rise to this lawsuit occurred in Lexington County, South Carolina.

5. Once served with process, Defendants are subject to the jurisdiction of this Court.

6. For purposes of diversity jurisdiction, the amount in controversy Plaintiff seeks is in excess of $75,000.00.

## FACTUAL BACKGROUND

7. On or about February 20, 2023, Plaintiff was driving North on Shumpert Road near Pine Ridge, South Carolina, in a 1995 Ford F250.

8. On the same date and at the same time, Becket Cole Higgins, working in the course of scope of his employment for the Defendants, was driving South on Shumpert Road in a 2017 Ford truck pulling a cargo trailer owned by the Defendants.

9. Mr. Higgins attempted a left-hand turn before allowing Plaintiff to clear his path and struck Plaintiff on the driver's side of his vehicle.

10. The force of the impact caused Plaintiff to then veer into oncoming traffic and crash into another vehicle.

## FOR A FIRST CAUSE OF ACTION
### (Negligence, Negligence Per Se, Gross Negligence as to all Defendants)

11. Plaintiff herein realleges and reiterates all previous paragraphs as fully as if set forth in this paragraph in its entirety.

12. Mr. Higgins had a duty to operate Defendants' motor vehicle in a safe and prudent manner at all times relevant hereto.

13. Mr. Higgins owed Plaintiff and others on the public roadways a duty of care and violated

that duty of care by his careless, negligent, grossly negligent, reckless, and/or willful acts and/or omissions.

14. Mr. Higgins failed to yield the right of way to the Plaintiff, who was approaching from the opposite direction, when attempting a left turn, in violation of S.C. Code Ann. § 56-5-2320, constituting negligence, *per se*.

15. Mr. Higgins violated his duty of care and was careless, negligent, grossly negligent, reckless, willful, and/or wanton at the time and place above mentioned in the following particulars:

 a. In failing to maintain a proper and diligent lookout;

 b. In running the stop sign;

 c. In failing to yield the right of way;

 d. In driving too fast for conditions;

 e. In failing to take evasive action so as to avoid striking Plaintiff's vehicle;

 f. In failing to apply his brakes, if any he had;

 g. In failing to steer and drive his vehicle to avoid striking Plaintiff;

 h. In being inattentive/allowing himself to become distracted;

 i. In failing to sound his horn, if any he had;

 j. In driving his vehicle in utter disregard of the rights and safety of Plaintiff and others lawfully using the public highway at the time and place aforesaid;

 k. In failing to use the degree of care and caution that reasonably prudent persons would have used under similar or the same circumstances;

 l. In violating the statutory and common laws of the State of South Carolina; and

 m. In such other particulars as the discovery process or evidence at trial may show.

All of the above were the direct and proximate cause of the injuries and damages suffered by Plaintiff, said acts being in violation of the statutory and common laws of the State of South Carolina.

16. Defendants are vicariously liable for any and all torts that Mr. Higgins committed while he was acting in the scope and course of his employment with Defendants; and therefore, is vicariously liable for the acts and omissions alleged herein and the injuries sustained by Plaintiff therefrom.

## FOR A SECOND CAUSE OF ACTION
### (Negligent Hiring, Training, and Supervision as to All Defendants)

17. Plaintiff repeats and reiterates the above allegations not inconsistent herewith as if repeated verbatim.

18. Upon information and belief, at all times herein-referenced, Mr. Higgins was under the hire, training, control, and supervision of Defendants.

19. At all relevant times herein-referenced, Defendants knew of or had reason to know of its employees and the ability and means to hire, train, control, and supervise the conduct and actions of them.

20. Defendant Sunland and/or Foremost negligently, grossly negligently, carelessly, recklessly, willfully and wantonly failed to properly hire, train, control, and supervise the actions and conduct of Mr. Higgins, in the following particulars, to wit:

   a. In failing to properly investigate the background of Mr. Higgins before hiring;
   b. In failing to train and instruct Mr. Higgins and its employees as to how to properly and safely operate a vehicle;
   c. In failing to remedy the improper conduct and actions of its employees;

    d. In failing to supervise what Mr. Higgins was doing while under the command of Defendants; and

    e. In such others as may be shown at trial.

21. As the direct and proximate cause of the aforesaid negligence, carelessness, recklessness, willfulness, and wantonness of Defendants Sunland and/or Foremost, as set forth above, Plaintiff sustained injuries including pain and suffering, shock, and mental distress, all to the Plaintiff's actual and punitive damages in an amount to be determined by the triers of the facts.

## DAMAGES

22. Plaintiff herein realleges and reiterates all previous paragraphs as fully as if set forth in this paragraph in its entirety.

23. As a result of the wreck, Plaintiff suffered physical harm and injuries to his neck, back, hips, legs, and other body parts, which have caused, and in the future will cause, Plaintiff to undergo physical pain, suffering, mental anguish, emotional distress, and permanent impairment of health and bodily efficiency, lost wages, and has caused and will in the future cause Plaintiff to have to spend money for medical services.

24. Defendants are liable for all damages allowed by law for the injuries, damages, and losses sustained by Plaintiff in this case.

25. Plaintiff is informed and believes that he is entitled to judgment against the Defendants in in excess of $75,000.00 for actual damages, plus punitive damages in an amount to be determined through this Honorable Court.

    WHEREFORE, Plaintiff prays for judgment against the Defendants for actual and punitive damages that will fully, fairly, and justly compensate them for injuries sustained and for such other and further relief as may be deemed appropriate by a jury.

The Plaintiff demands a jury trial.

**McWHIRTER, BELLINGER & ASSOCIATES, P.A.**

s/Christopher M. Cunningham
Christopher M. Cunningham, Esquire
Federal Bar No. 12383
119 East Main Street
Lexington, South Carolina 29072
P: (803) 359-5523
F: (803) 996-9080
E: Chris@mcwhirterlaw.com
*Attorney for the Plaintiff*

Lexington, South Carolina
August 26, 2024